UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------X
GEORGE FOSTER-BEY
    Plaintiff,

v.                                                                            Civil No. 3:02CV00618 (MRK)

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,                February 9, 2004
    Defendant
-------------------------------------------------------X

<u>DEFENDANT'S REQUESTS FOR INTRUCTIONS WITH RESPECT TO LIABILITYAND DAMAGES</u>

INSTRUCTION NO. 1

The Plaintiff, George Foster-Bey, has asserted an employment discrimination claim against the Defendant, United States Postal Service. In order to succeed on the employment discrimination claim, the Plaintiff must prove, by a preponderance of the evidence, that George Foster-Bey was the victim of intentional discrimination when he was placed on administrative leave while the Defendant investigated a report that Plaintiff had turned on a mail sorting machine while a mechanic was working on it. Plaintiff also alleges he was treated differently than others after he returned to work. Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason.

Adapted from Devitt, Blackmar, and Wolff, § 106.06 (1987) and § 104.04 (4th Ed. Supp. 1993). <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742, 2749 (1993).

INSTRUCTION NO. 2

**DEFINITION OF ADVERSE ACTION**

Plaintiff, George Foster-Bey, accuses the Postal Service of race discrimination in violation of federal law. To succeed on this claim, plaintiff must prove to you by a preponderance of evidence that defendant's actions toward plaintiff were because of his race.

Plaintiff is required to prove to you that an 1) adverse action was taken against him, and 2) that the adverse action took place under circumstances giving rise to an inference of race discrimination.

An adverse action is an employment action which involves the deprivation of "some tangible job benefits, such as compensation, terms, conditions or privileges" of employment. The question for you to decide is "whether the defendant's actions toward the Plaintiff, during the investigation of the safety incident and after Plaintiff returned to work, caused any materially adverse change in the terms, privileges, duration and conditions of Plaintiff's employment. A change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Actions including discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimands may meet the definition. Adverse actions may not always involve economic loss and could include discriminatory "diminution in duties."

Other actions may also be adverse, but not everything that makes an employee unhappy is would support his claim. For example, trivial complaints about unpleasant

2

working environment are not adverse actions.  Feelings of fear or intimidation do not constitute adverse employment action; a supervisor's nastiness is insufficient.

Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002);  Treglia v. Town of Manluis, 313 F.3d 713, 719 (2d Cir. 2002); Galabya v. New York City Board of Education, 202 F. 3d 636, 640 (2d Cir. 2000);  Phillips v. Bowen, 278 F.3d 103, 117 (2d Cir. 2002), quoting Smart v. Ball State University, 89 F.3d 437, 441 (7th Cir. 1996); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); Torres v. Pisano 116 F.3d 625, 640 (2d Cir.), cert. denied, 118 S.Ct. 563 (1997);  Preda v. Nissho Iwai American Corp., 128 F.3d 789, 791 (2d Cir. 1997); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 n.3 (2d Cir. 1996)

INSTRUCTION NO.  3

**SIMILARLY SITUATED COMPARISON EMPLOYEES**

Plaintiff must produce evidence sufficient to support a reasonable inference that Defendant's treatment of him was because of his race.  In this case you have not heard any evidence that anyone referred to, or spoke of, Plaintiff's race in connection with the events about which you have heard testimony.

A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably than he.  In order to make such a showing, however, the plaintiff must compare himself to employees who are similarly situated in all material respects to him.  For purposes of this definition, the comparison employees must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in

conduct similar to the plaintiff.  Put another way, the plaintiff must establish "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical," and their acts must be "of comparable seriousness."

Employees in the same job category may be similarly situated.  Employees who do not have the same supervisor may not be similarly situated.

Norville v. Staten Island University Hospital, 196 F. 3d. 89 (2d Cir. 1999); Shumway v. United Parcel Service., Inc., 118 F. 3d. 60, 63 (2d Cir. 1997); Mazzella v. RCA Global Communications, Inc., 642 F. Supp 1531, 1547 (S.D.N.Y. 1986), *aff'd*, 814 F. 2d 653 (2d Cir. 1987). **Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000).**

INSTRUCTION NO. 4

**Pretext**

Defendant has asserted that it pursued an investigation of Plaintiff for a lawful reason -- because it believed that Plaintiff turned on a machine while a mechanic was working on it  -  and not because of his race.   Plaintiff has the burden of proving by a preponderance of the evidence that Defendant's stated reason for its actions was false and a pretext for the true reason for its actions –  race discrimination.

If you find that Plaintiff has not met his burden of proving that the reason asserted by Defendant for its actions is false and a pretext for race discrimination, you must find in favor of the Defendant.

If you find that Plaintiff has met his burden of proving that the reason stated by

Defendant for its actions is false, you may, but are not required to, find for Plaintiff. That is because even if you find that Defendant's asserted reason is false, you may still find for Defendant if you believe there is insufficient evidence that Defendant discriminated against Plaintiff because of his race.

As I will instruct you, when you are determining whether or not Defendant's stated reason for its actions toward Plaintiff was a pretext, the question you must decide is not whether Plaintiff actually engaged in any inappropriate activity, but whether Defendant reasonably believed that he may have.  That is because an employer may act on a good faith belief that the employee engaged in misconduct, even if it turns out that that belief was mistaken.

Reeves v. Sanderson Plumbing Products, Inc., __ U.S. __, 120 S. Ct. 2097 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Fisher v. Vassar College, 114 F. 3d 1332 (2d Cir. 1997) (*en banc*), cert. denied, 522 U.S. 1075 118 S. Ct. 851 (1998). Dister v. Continental Group, Inc., 859 F. 2d 1108 (2d Cir. 1988).

INSTRUCTION NO. 5

**Pretext – Employer's Business Judgment**

Similarly, you may not find pretext merely because you disagree with Defendant's actions toward Plaintiff, or because you may think they were unwise, unsound, mistaken or ill-advised.  It is not your role to second-guess Defendant's business judgment or to substitute your opinion for Defendant's opinion concerning what would have been more appropriate actions.  The only issue for you to determine is

whether Defendant's decisions were motivated by race discrimination. Defendant is entitled to make any decision it sees fit, as long as the decision is not motivated by race discrimination.

Dister v. Continental Group, Inc., 859 F. 2d 1108 (2d Cir. 1988); Montana v. First Fed. Savings and Loan Association of Rochester, 869 F. 2d 100 (2d Cir. 1989); Johnston v. American Vision Center, Civil Action 86-2504, 1990 W.L. 130004, * 10 (E.D.N.Y. 1990).

INSTRUCTION NO. 6

**Consider Damages Only If Necessary**

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether Plaintiff is entitled to a verdict against Defendant with respect to any of his claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability as to any of his claims, by a preponderance of evidence and in accordance with the other instructions I have given you. If you decide that the Plaintiff is not entitled to prevail with respect to any of his claims, you need go no further.

FJPI, ' 74.02.

INSTRUCTION NO. 7

**Compensatory Damages**

If you should find that the Postal Service discriminated against Mr. Foster-Bey based on his race, then you must determine an amount that is fair compensation for his damages.  You may award compensatory damages only for injuries that Mr. Foster-Bey proves were caused by the Postal Service's intentional discrimination.

If you find that Plaintiff suffered emotional pain, suffering, inconvenience, and mental anguish caused by Defendant's unlawful discrimination, you may award compensatory damages.  In order to recover damages for emotional distress resulting from race discrimination, Plaintiff must prove, by a preponderance of the evidence:  1) that he experienced emotional distress; and 2) that the emotional distress was the direct result of unlawful age discrimination, age harassment, or retaliation by Defendant.  If you find that Plaintiff's emotional distress was caused by something other than Defendant's alleged unlawful conduct, such as personal problems, then Plaintiff is not entitled to recover compensatory damages for emotional distress from Defendant. If you find that only part of Plaintiff's emotional distress was caused by Defendant, you should only award damages for that part.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  Damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In calculating damages, you should not include any past or future pay that the Plaintiff claims to have lost.  If you find Defendant liable, the award of lost pay would be calculated and determined by the Court.  You are also not to consider attorney's fees in your consideration of damages.  The matter of any allowable attorney's fees will be determined by the Court.

Adapted from 42 U.S.C. § 1981 a(a)3; Devitt, Blackmar, and Wolff § 104.06 (1997 Supp.)

*NOTE*:  *The Civil Rights Act of 1991 excludes from compensatory damages "back pay, interest on back pay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964."  42 U.S.C. § 1981 a(b)(2).  42 U.S.C. § 20003-5(g) authorized the Court, inter alia, to enjoin the unlawful employment practice, and order reinstatement with or without back pay or any other appropriate equitable relief.  The statute also limits compensatory damages to $300,000 in this case.  42 U.S.C. § 1981 a(b)(3).  The statute prohibits the Court from informing the jury of the limitation on damages.  42 U.S.C. § 1981 a(c)(2).*

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY,


    _____
BY:  Anna V. Crawford
    Special Assistant U.S. Attorney
    United States Postal Service
    Northeast Area Law Office, USPS
    8 Griffin Road North
    Windsor, CT 06006-0170
    Federal Bar No. ct01394
    Tel. (860) 285-7309

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was sent to the following by prepaid first class mail on February 10, 2004.

J. Martyn Philpot, Jr.
Law Office of J. Martyn Philpot, Jr., LLC
409 Orange St.
New Haven, CT 06511

_____
Anna V. Crawford