UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
MAR 12  11 01 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GEORGE FOSTER-BEY | \* |
|     Plaintiff | \* CIVIL NO. 3:02CV00618 (MRK) |
| | \* |
| VS. | \* |
| | \* |
| JOHN E. POTTER, | \* |
| POSTMASTER GENERAL, | \* |
| UNITED STATES POSTAL | \* |
| SERVICE | \* |
|     Defendant | \* MARCH 12, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENT TO JOINT TRIAL MEMORANDUM

The plaintiff, George Foster-Bey, hereby objects to the defendant's Supplement to the Joint Trial Memorandum dated March 2, 2004. Defendant seeks to substitute Proposed Exhibit 522. Said exhibit was initially described in the Joint Trial Memorandum dated February 10, 2004 as a "Video of SPBS machine", the machine which it is alleged that the plaintiff operated while USPS Maintenance Technician John Georgian was still inside of it repairing the SPBS machine. However, the substitute exhibit purports to be "an aid to the testimony of John Georgian." The plaintiff objects to the substitute Exhibit 522 on the following grounds:

**ORAL ARGUMENT REQUESTED**

1) The proposed exhibit is untimely. Any and all exhibits were to be disclosed at the time the Joint Trial Memorandum was filed on February 10, 2004. The "new" Exhibit 522 was disclosed on March 2, 2004, some twenty-one(21) days later;

2) Relevance/ FRE 402, 403. Rule 403 provides for the exclusion of evidence when its "probative value is substantially outweighed by unfair prejudice, the confusion of the issues or misleading the jury..." The substitute Exhibit 522 purports to depict Georgian's movements relative to the SPBS machine on February 23, 2001, the date of the alleged safety infraction without depiction of the other relevant conditions and circumstances present on February 23, 2001. See *Constantino v. David Herzog M.D., P.C.*, 203 F.3d 164, 174 (2nd Cir. 2000)(where videotape depicting medical procedure arising from medical malpractice claim was admitted over confusion of issues objection *only when there was no question videotape was not depicting the birth at issue before district court*)(emphasis added).

3) The substitute Exhibit 522 purports to depict the SPBS machine as it was on February 23, 2001. However, over three(3) years have elapsed between the incident and the proffer. Other than the anticipated testimony of Georgian as stated in the defendant's supplement, there is no other evidentiary link to establish that the SPBS machine in Exhibit 522 operates in substantially the same manner as in February 2001.

-3-

See *Potter v. Pnuematic Tool Co.*, 241 Conn. 199, 266 (1997)(videotapes of manufacturing process produced 12 years after manufacture of products involved in case were deemed irrelevant absent showing of substantial similarity).

4) Lastly, Exhibit 522 will only reiterate the anticipated testimony of Georgian. As such, Exhibit 522 is cumulative.

PLAINTIFF, GEORGE FOSTER-BEY

BY: /s/ Marc L. Glenn
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511
Tel. No. (203) 624-4666
E-mail: philpot.law @snet.net
Federal No. ct21369
His Attorneys

## CERTIFICATION

THIS IS TO CERTIFY: that a copy of the foregoing Objection to Supplement to Joint Trial Memorandum was mailed, first class postage prepaid, this date to Anna V. Crawford, Special Assistant U.S. Attorney, Northeast Area Law Office, United States Postal Service, 8 Griffin Road North, Windsor, CT 06606-0170; Douglas P. Morabito, AUSA, 57 Church Street, 23rd Floor, P.O. Box 1824, New Haven, CT 06508-1824

/s/ Marc L. Glenn
Marc L. Glenn

employ\foster-bey.obj.supp.jtm.wpd